IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-175-BO

| | |
|---|---|
| VICTORIA M. SECHRIST O/B/O<br>V.M.S. (MINOR),<br>        Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>*Acting Commissioner of Social Security*,<br>        Defendant. | ORDER |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing on the motions was held before the undersigned on November 15, 2021, at Raleigh, North Carolina, and the matters are ripe for ruling.[1] For the reasons that follow, plaintiff's motion is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying V.M.S.'s claim for Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act. The claimant filed for SSI on October 16, 2017, alleging V.M.S.'s disability since March 1, 2016. After initial denials, an Administrative Law Judge (ALJ) held a video hearing on July 25, 2019. On October 22, 2019, the ALJ issued an unfavorable decision. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The claimant then timely sought review of the Commissioner's decision in this Court.

---

[1] Counsel appeared by videoconference.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

A person under the age of 18 will be considered to be disabled under the Social Security Act if that person has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of twelve months or more. 42 U.S.C. § 1382c(a)(3)(C)(i). In assessing a childhood SSI claim, an ALJ engages in a three-step sequential evaluation as provided in 20 C.F.R. § 416.924. An ALJ must consider the "whole child" when assessing disability. *See* SSR 09-1p.

At step one, the ALJ determined that V.M.S. was a preschooler on his application date and a school-aged child on the date of the ALJ's decision, and that V.M.S. had not engaged in substantial gainful activity since his application date. At step two, the ALJ found that V.M.S. had three severe impairments: attention deficit hyperactivity disorder (ADHD), anxiety disorder, and speech disorder. At step three, the ALJ determined that V.M.S. did not have an impairment that individually or in combination met or equaled the Listing of impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then went on to find that V.M.S. did not have an impairment or combination of impairments that functionally equaled the severity of the Listings.

2

In determining whether a claimant has an impairment or combination of impairments which functionally equals the Listings, an ALJ considers the claimant's functioning in six domains: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. 20 C.F.R. § 416.926a. To functionally equal the Listings, a claimant must be found to have either "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* A limitation is considered "marked" if it is more than moderate but less than extreme, and a limitation is "extreme" when it is determined to be more than marked. *Id.* Here, the ALJ found that V.M.S. had less than marked limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for himself. The ALJ also found that plaintiff had no limitations in moving about and manipulating objects as well as health and physical well-being. Based upon his determination that plaintiff did not have marked limitations in two domains of functioning or extreme limitations in one domain of functioning, the ALJ found plaintiff not to be disabled as of the date of his decision.

Plaintiff contends that the ALJ failed to apply the "whole child" approach and relied on a highly selective recitation of the record in order to find "less than marked" limitations in several functional domains, focusing his assignment of error on the ALJ's conclusions as to the domains of attending and completing tasks and interactions with others.

The Court finds that remand of this matter is appropriate for the ALJ to better explain his finding that V.M.S. had less than marked limitation in attending and completing tasks. The domain of attending and completing tasks concerns how well a child is able to focus and maintain attention as well as begin, carry out, and finish activities. This domain also concerns whether a child is able

3

to avoid impulsive thinking and prioritize tasks in order to manage time. 20 C.F.R. § 416.926a(h); SSR 09-4p. The ALJ's assessment of this domain consisted of the following:

> Although the record is consistent with diagnoses of ADHD and anxiety, objective examination findings indicated high-average working memory and fair attention. Consistent with this, the record demonstrates good academic progress. Nevertheless, considering the claimant's diagnoses and subjective complaints throughout the record, the undersigned finds that the claimant has less than marked limitation in attending and completing tasks.

Tr. 27-28. The ALJ's basis for finding less than marked limitation in this domain fails to sufficiently account for evidence in the record which is contradictory to his conclusion such that the reviewing court is "left to guess about how the ALJ arrived at his conclusions[.]" *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015). For example, in April 2018, Dr. Marsh opined that V.M.S.'s high average working memory score was inconsistent with a typical ADHD presentation, but that due to V.M.S.'s exhibited inattention and difficulty remaining still during the testing session the ADHD diagnosis was still applicable. Tr. 367. By March 2019, V.M.S.'s teacher continued to note that V.M.S. had difficulty completing tasks when not on medication, Tr. 245, which the record reflects was being modified and adjusted throughout the relevant period with mixed success. *See, e.g.,* Tr. 527; 529; 531; 536. V.M.S.'s treating therapist opined in July 2019 that V.M.S's anxiety disorder "caused challenges in academic, social, and home settings." Tr. 592. This coincides with V.M.S.'s mother's report to PA Hardin Enyeart in July 2019 that V.M.S.'s anxiety behaviors, such as picking, had increased and V.M.S. was having trouble focusing. Tr. 660.

Although the Commissioner now presents several citations to evidence which would support the ALJ's conclusion, including V.M.S.'s improvement in speech after he was placed on medication for his ADHD, the Commissioner cannot at this stage "create post-hoc rationalizations

4

to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).

Additionally, the ALJ rejected the conclusions of the State Agency medical consultants who found that V.M.S. had marked limitation in the functional domain of interacting and relating with others. *See* Tr. 87. In doing so, the ALJ stated only that those opinions were persuasive to the less-than-marked limitation given by the ALJ, based upon the history of mental health diagnoses, improvement in speech, stable mental status, and good academic progress. Tr. 24. This is an insufficient explanation to discount these opinions as it fails to sufficiently create a logical bridge between the evidence and the ALJ's conclusion. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

Based upon these errors, remand is appropriate so that the Commissioner might provide a more complete explanation for the decision reached following remand.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 29] is GRANTED and defendant's motion for judgment on the pleadings [DE 32] is DENIED. The decision of the Commissioner is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this __4__ day of January, 2022.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE